IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **U.S. BANK, N.A. and SELECT PORTFOLIO SERVICING,** | § § § § | |
| Plaintiffs, | § | |
| v. | § § | Civil Action No. **3:19-CV-2329-L** |
| **BRIDGET PARSON,** | § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

This mortgage foreclosure action was removed by *pro se* Defendant Bridget Parson ("Parson" or "Defendant"), from the 134th Judicial District Court, Dallas County, Texas, on September 30, 2019. The case was automatically referred to the magistrate judge for screening after Parson did not pay the requisite case filing fee and was allowed to proceed *in forma pauperis*. The court **vacates** the screening referral and, for the reasons that follow, *sua sponte* **remands** this action to the 134th Judicial District Court, Dallas County, Texas, from which it was removed, after determining that it lacks subject matter jurisdiction over the removed action.

**I.   Background**

Parson removed Dallas County District Case No. 19-12319 to federal court on September 30, 2019, alleging that the state court action was yet another attempt by U.S. Bank, N.A. ("US Bank") and Select Portfolio Servicing ("SPS")[*] to fraudulently foreclose on and steal her property

---

[*] Although included as a plaintiff and party in the Notice of Removal, the court concludes, after reviewing the state court docket sheet and documents filed in that case, that SPS was not a plaintiff in or ever formally added as a party to the removed state court action. It, instead, appears that Parson wishes to assert certain claims or defenses against SPS and, therefore, indicated in her Notice of Removal that SPS was a party to the removed state court action. Accordingly, the court does not consider its citizenship or alleged conduct in determining whether subject matter jurisdiction over this removed action exists.

**Memorandum Opinion and Order – Page 1**

("Property") located at 508 Grady Lane, Cedar Hill, Texas, 75104. According to Parson, US Bank and SPS lack authority to foreclose on the Property because they are not the original note holders; they do not possess and cannot produce the original note that is pending in another federal case; and they failed to provide her with the requisite notice or proof of service. She alleges that such conduct amounts to a crime and violates her right to due process. Parson, therefore, requests that the court dismiss the state court action for lack of subject matter jurisdiction and impose sanctions against US Bank and SPS in the amount of $4,350,000. Parson does not affirmatively allege the basis or bases for removing the action to federal court, but she indicates in her corresponding Civil Cover Sheet that the "Basis of Jurisdiction" is federal question jurisdiction by checking the box for "Federal Question." Doc. 5. As Parson is proceeding *pro se*, the court considers whether subject matter jurisdiction based on a federal question or diversity jurisdiction exists.

## II.     Legal Standard for Subject Matter Jurisdiction

### A.     The General Standard

A federal court has subject matter jurisdiction over civil cases "arising under the Constitution, laws, or treaties of the United States," or over civil cases in which the amount in controversy exceeds $75,000, exclusive of interest and costs, and in which diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332. Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994) (citations omitted); *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998). Absent jurisdiction conferred by statute or the Constitution, they lack the power to adjudicate claims and must dismiss an action if subject matter jurisdiction is lacking. *Id.*; *Stockman v. Federal Election Comm'n*, 138 F.3d 144, 151 (5th Cir.

1998) (citing *Veldhoen v. United States Coast Guard*, 35 F.3d 222, 225 (5th Cir. 1994)). A federal court must presume that an action lies outside its limited jurisdiction, and the burden of establishing that the court has subject matter jurisdiction to entertain an action rests with the party asserting jurisdiction. *Kokkonen*, 511 U.S. at 377 (citations omitted). "[S]ubject-matter jurisdiction cannot be created by waiver or consent." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 919 (5th Cir. 2001).

Federal courts may also exercise subject matter jurisdiction over a civil action removed from a state court. Unless Congress provides otherwise, a "civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

A federal court has an independent duty, at any level of the proceedings, to determine whether it properly has subject matter jurisdiction over a case. *Ruhgras AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999) ("[S]ubject-matter delineations must be policed by the courts on their own initiative even at the highest level."); *McDonal v. Abbott Labs.*, 408 F.3d 177, 182 n.5 (5th Cir. 2005) (A "federal court may raise subject matter jurisdiction *sua sponte*.") (citation omitted).

B.  **Federal Question**

A federal court has subject matter jurisdiction over cases arising under the Constitution, laws, or treaties of the United States, which is commonly referred to as federal question jurisdiction. 28 U.S.C. § 1331. This provision for federal question jurisdiction is generally invoked by a plaintiff pleading a cause of action created by federal law. This, however, is not the only manner in which federal question jurisdiction may arise.

An action that asserts only state law claims may "arise under" federal law if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 9 (1983) (citations omitted). This means that a federal district court has jurisdiction over a state claim that "necessarily raise[s] a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005). Otherwise stated, as "the presence of a disputed federal issue and the ostensible importance of a federal forum are never necessarily dispositive," a federal court is to decline jurisdiction if the exercise of its jurisdiction is inconsistent "with congressional judgment about the sound division of labor between state and federal courts governing application of [28 U.S.C.] § 1331." *Id.* at 313-14. Under *Grable*, federal question jurisdiction exists only when "(1) resolving a federal issue is necessary to the resolution of the state-law claim; (2) the federal issue is actually disputed; (3) the federal issue is substantial; and (4) federal jurisdiction will not disturb the balance of federal and state judicial responsibilities." *Singh v. Morris, LLP,* 538 F.3d 334, 338 (5th Cir. 2008). In the final analysis, when a plaintiff's pleadings set forth only state law claims, a federal district court has federal question jurisdiction to entertain the action only if "(1) the state law claims necessarily raise a federal issue or (2) the state law claims are completely preempted by federal law." *Bernhard v. Whitney Nat'l Bank*, 523 F.3d 546, 551 (5th Cir. 2008).

Whether an action "arises under" federal law and creates federal question jurisdiction over a case removed from state to federal court, or one originally filed in such court, ordinarily "must be determined by reference to the 'well-pleaded complaint.'" *Merrell Dow Pharms. Inc. v. Thompson*,

478 U.S. 804, 808 (1986) (citation omitted). "[A] case may *not* be removed to federal court on the basis of a federal defense . . . even if the defense is anticipated in the plaintiff's complaint, and even if both parties concede that the federal defense is the only question truly at issue." *Caterpillar Inc. v. Williams,* 482 U.S. 386, 393 (1987). "A defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted). "Even an inevitable federal defense does not provide a basis for removal jurisdiction." *Bernhard*, 523 F.3d at 551 (citations omitted). In other words, the *complaint* must "raise[] issues of federal law sufficient to support federal question jurisdiction." *Rodriguez v. Pacificare of Tex., Inc.*, 980 F.2d 1014, 1017 (5th Cir. 1993) (citation omitted).

A "corollary of the well-pleaded complaint rule developed in the case law, however, is that Congress may so completely pre-empt a particular area, that any civil complaint raising this select group of claims is necessarily federal in character." *Metropolitan Life Ins. Co. v. Taylor*, 481 U.S. 58, 63-64 (1987); *Arana v. Ochsner Health Plan*, 338 F.3d 433, 437 (5th Cir. 2003) (en banc). In other words, "[w]hen the federal statute completely pre-empts the state law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality, based on federal law," and such "claim is then removable under 28 U.S.C. § 1441(b)." *Beneficial Nat'l Bank v. Anderson*, 539 U.S. 1, 8 (2003).

## C. Diversity and Amount in Controversy

Diversity of citizenship exists between the parties only if each plaintiff has a different citizenship from each defendant. *Getty Oil Corp. v. Insurance Co. of North America*, 841 F.2d 1254, 1258 (5th Cir. 1988). Otherwise stated, 28 U.S.C. § 1332 requires complete diversity of citizenship; that is, a district court cannot exercise jurisdiction if any plaintiff shares the same citizenship as any

defendant. *See Corfield v. Dallas Glen Hills LP*, 355 F.3d 853, 857 (5th Cir. 2003) (citation omitted). "[T]he basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty*, 841 F.2d at 1259 (citing *Illinois Cent. Gulf R.R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 n.2 (5th Cir. 1983)). Failure to allege adequately the basis of diversity mandates remand or dismissal of the action. *See Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991). A notice of removal "must allege diversity both at the time of the filing of the suit in state court and at the time of removal." *In re Allstate Ins. Co.*, 8 F.3d 219, 221 (5th Cir. 1993) (quotation marks and citations omitted).

A natural person is considered a citizen of the state where he or she is domiciled, that is, where the person has a fixed residence with the intent to remain there indefinitely. *See Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555-56 (5th Cir. 1985). "'Citizenship' and 'residence' are not synonymous." *Parker v. Overman*, 59 U.S. 137, 141 (1855). "For diversity purposes, citizenship means domicile; mere residence in [a] [s]tate is not sufficient." *Preston v. Tenet Healthsystem Mem'l Med. Ctr., Inc.*, 485 F.3d 793, 799 (5th Cir. 2007) (citation and quotation marks omitted). "Domicile requires residence in [a] state and an intent to remain in the state." *Id.* at 798 (citing *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989)).

The citizenship of a trust is that of its trustees. *Navarro Sav. Ass'n v. Lee*, 446 U.S. 458, 464 (1980) (citation omitted); *Mullins v. Testamerica, Inc.*, 564 F.3d 386, 398 (5th Cir. 2009) (footnote omitted). The citizenship of a trustee who possesses "customary powers to hold, manage, and dispose of assets for the benefit of others" is determined by the citizenship of the trustee, not the trust beneficiaries. *Navarro Sav. Ass'n*, 446 U.S. at 464 (footnote omitted). Control of the assets held in the name of the trustee must be "real and substantial." *Id.* at 465. A national bank, for diversity

purposes, "is a citizen of the State in which its main office, as set forth in its articles of association, is located." *Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 307 (2006).

For diversity purposes, the amount in controversy normally is determined by the amount sought on the face of the plaintiff's pleadings, so long as the plaintiff's claim is made in good faith. 28 U.S.C. § 1446(c)(2); *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 553 (2014) (citation omitted). *St. Paul Reinsurance Co. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998); *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1408 (5th Cir. 1995). Removal is thus proper if it is "facially apparent" from the complaint that the claim or claims asserted exceed the jurisdictional amount. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir.), *reh'g denied*, 70 F.3d 26 (5th Cir. 1995).

Any doubts as to the propriety of the removal should be construed strictly in favor of remand. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). "The burden of establishing subject matter jurisdiction in federal court rests on the party seeking to invoke it." *St. Paul Reinsurance*, 134 F.3d at 1253 (footnote omitted). Accordingly, if a case is removed to federal court, the defendant has the burden of establishing subject matter jurisdiction.

## III. Discussion

Although Parson alleges in her Notice of Removal that US Bank and SPS are attempting to fraudulently foreclose on and steal her Property in violation of her right to due process of law, a case cannot be removed to federal court based on a federal defense because, as explained, "[a] defense that raises a federal question is inadequate to confer federal jurisdiction." *Thompson*, 478 U.S. at 808 (citation omitted); *see also Federal Nat'l Mort'g Ass'n v. Elliott*, No. 3:10-CV-1321-L, 2010 WL 4627833, at *3 (N.D. Tex. Nov. 16, 2010) (explaining that, even if a federal statute supplies a

federal defense for the plaintiff in a foreclosure action, "it would still be insufficient for federal jurisdiction because [the] *Plaintiff's pleadings* must raise the federal claim or issue"). This is so because the state court pleadings must establish the basis for subject matter jurisdiction at the time the action is removed. *Brown v. Southwestern Bell Tel. Co.*, 901 F.2d 1250, 1254 (5th Cir. 1990) ("When a defendant seeks to remove a case, the question of whether jurisdiction exists is resolved by looking at the complaint at the time the [notice of] removal is filed."). Thus, Defendant has not shown via her Notice of Removal that US Bank's foreclosure action presents a federally-created cause of action or that her right to relief depends on the resolution of a substantial question of federal law.

Moreover, Parson failed to file an index of state court documents and copies of all documents filed in the removed state court action as required by this district's Local Civil Rule 81.1. As a result, the court does not have before it US Bank's state court pleadings to determine whether a federal question exists. Although not required to do so, the court has *sua sponte* taken judicial notice of US Bank's publicly-filed pleadings in the state court action.

US Bank's pleadings, however, are also devoid of any federal claim or issue. US Bank's pleadings were filed in the form of an "Application for an Expedited Order Under Rule 736 on a Home Equity Loan or Home Equity Line of Credit" ("Application") on August 20, 2019. The Application indicates merely that US Bank is seeking an order under Texas Rule of Civil Procedure 736, authorizing it to foreclose on Parson's Home Equity Loan and Property, pursuant to art. XVI, section 50(a)(6) of the Texas Constitution. The alleged grounds for the foreclosure order sought by US Bank is Parson's default under a home equity loan as a result of her failure to make at least 56 regular monthly loan payments, as well as her failure to pay the amount required to cure the default ($65,754.52). This claim involves only state law issues.

The answer filed by Parson to foreclosure Application includes many of the same allegations in her Notice of Removal. Parson also alleges in passing in her Notice of Removal that she has asserted federal discrimination claims in other lawsuits as result of the attempted foreclosure. As explained, though, Parson's allegations regarding federal defenses and counterclaims asserted in response to US Bank's attempted foreclosure proceedings are inadequate and cannot provide the basis for federal question jurisdiction, regardless of whether they were made in the state court action or the removed action. Likewise, any federal claims asserted by Parson in other actions cannot form the basis for federal question jurisdiction even if made in response to similar foreclosure proceedings initiated by or involving US Bank or SPS.

There is also insufficient information in Parson's Notice of Removal or US Bank's state court pleadings to determine her and US Bank's citizenship. Although the court has conducted an independent review of the Notice of Removal and US Bank's state court pleadings, both are silent as to the issue of the parties' citizenship and lack factual allegations from which the court can determine the citizenship of either Parson or US Bank. Thus, even though US Bank's state court pleadings appear to satisfy the amount in controversy requirement, subject matter jurisdiction based on diversity of citizenship has not been established, and Defendant has failed to satisfy her burden of establishing that removal was proper based on federal question or diversity jurisdiction. Construing all doubts regarding the propriety of removal in favor of remand, the court determines that this action must be remanded to state court. *Manguno*, 276 F.3d at 723.

## IV. Conclusion

For the reasons explained, the court **concludes** that it lacks subject matter jurisdiction to entertain this action. The court, therefore, *sua sponte* **remands** this action to the 134th Judicial

District Court, Dallas County, Texas, from which it was removed and **directs** the clerk of the court to effect the remand in accordance with the usual procedure.

    **It is so ordered** this 8th day of January, 2020.

                                                        */s/ Sam A. Lindsay*
                                                        Sam A. Lindsay
                                                        United States District Judge